Nick Mirr
Federal Defenders of Eastern Washington and Idaho
306 E. Chestnut Ave.
Yakima, Washington 98901
509.248.8920
Attorney for Allicianna Lynnzie Clark

United States District Court
Eastern District of Washington
Honorable Rebecca L. Pennell

| | |
|---|---|
| United States, | No. 1:24-CR-2073-RLP |
| Plaintiff, | Motion to Seal |
| v. | |
| Allicianna Lynnzie Clark, | |
| Defendant. | |

Allicianna Lynnzie Clark hereby moves this Court to file, under seal, Exhibit 1 in support of her Memorandum in Support of Sentencing. Although there is a strong presumption that documents filed should be kept public, the Ninth Circuit has recognized there are exceptions to this presumption.[1] Generally, the moving party must demonstrate "compelling reasons" and cite "specific factual findings" in order for a document to be sealed.[2] Courts have recognized that when it comes to "highly personal medical information . . . [t]here is little value in disclosing this information to the public."[3] These facts mean that "there is a compelling interest in maintaining the confidentiality of such records" which outweighs the public's interest in disclosure.[4]

In *United States v. Doe*, the Ninth circuit outlined a test to balance the public's interest to the judicial record.[5] A document may be sealed if three requirements are satisfied: "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest."[6] Ms. Clark will address each factor in turn.

---

[1] *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).
[2] *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).
[3] *U.S. v. Valencia*, 2020 WL 6561827 at *2 (W.D. Wash. Nov. 9, 2020).
[4] *Id.*
[5] 870 F.3d 991 (9th Cir. 2017).
[6] *Id.* at 998 (quoting *Oregonian Publ'g Co. v. U.S. Dist. Ct. for Dist. Of Or.*, 920 F.2d 1462, 1466 (9th Cir. 1990)).

First, the Exhibit Ms. Clark requests be sealed contains sensitive medical information regarding Ms. Clark's clinical diagnoses with PTSD, borderline personality disorder, and antisocial personality disorder. Ms. Clark clearly has an important right to keep confidential her medical information as well as details of traumatic experiences. The report also contains detailed descriptions of trauma and abuse that Ms. Clark has experienced that were discussed in relation to the above-noted diagnoses. Indeed, it contains information analogous to that generally contained in the Presentence Investigation Reports that at exclusively filed as sealed documents. Given the sensitive nature of this document, the defense believes it is not appropriate that it be made a part of the public record beyond the extent it is discussed in the sentencing memorandum and that good cause exists to seal this exhibit.

Second, Ms. Clark's compelling interest to keep private the details of psychological testing and trauma experienced would necessarily be harmed if the entirety of the detailed report were made publicly accessible. As it stands, Ms. Clark expects to spend the better part of the next decade in custody, where, if certain portions of her medical history were made accessible, it could subject her not only to reputational harm, but also to physical and psychological harm. Again, much of the background contained in the report is akin to information provided in the Presentence Investigation Reports, which are always filed sealed and not made accessible to individuals in custody for safety concerns.

Third, Ms. Clark submits that there is no less restrictive alternative available to sealing. The report is lengthy, detailed, and contains sensitive information about Ms. Clark and her history. While redaction or partial sealing may be appropriate in some circumstances, the sensitive information is ubiquitous in the report and would render redaction or partial sealing fruitless. Likewise, Ms. Clark has requested that this document be appended to her Presentence Investigation Report, a copy has already been provided to the government and the USPO, and will be available for use at sentencing, even in sealed form.

Accordingly, Ms. Clark respectfully requests this exhibit be sealed.

Dated: September 11, 2025.

Federal Defenders of Eastern Washington & Idaho
Attorneys for Allicianna Lynnzie Clark

s/ Nick Mirr
Nick Mirr, AT0014467
Iowa State Bar Ass'n
306 E. Chestnut Ave.
Yakima, Washington 98901
t: (509) 248-8920
nick_mirr@fd.org

Service Certificate

I certify that on September 11, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Benjamin D. Seal.

s/ Nick Mirr
Nick Mirr, AT0014467
Iowa State Bar Ass'n
306 E. Chestnut Ave.
Yakima, Washington 98901
t: (509) 248-8920
nick_mirr@fd.org